**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,
Petitioner,

v.

No. 96-2659

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,
Respondent.

On Petition for Review of an Order
of the Benefits Review Board.
(95-3855-BRB)

Submitted: January 13, 1998

Decided: March 20, 1998

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Melissa R. Link, Jonathan H. Walker, MASON & MASON, P.C.,
Newport News, Virginia, for Petitioner. J. Davitt McAteer, Acting
Solicitor of Labor, Carol A. De Deo, Associate Solicitor, Luann B.
Kressley, UNITED STATES DEPARTMENT OF LABOR, Washing-
ton, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Newport News Shipbuilding & Dry Dock Company ["Newport News"] petitions for review of an order of the Department of Labor's Benefits Review Board ["the Board"]. The Board summarily affirmed* the decision of an administrative law judge ["ALJ"] granting Charles W. Miles' claim for compensation benefits for asbestosis under the Longshore and Harbor Workers' Compensation Act ["LHWCA"], 33 U.S.C. §§ 901-950 (1994), and denying Newport News' request for relief under § 908(f) for pre-existing disability. Newport News claims that the ALJ erred in determining that it did not establish the contribution requirement of § 908(f). For the reasons set forth below, we affirm.

Charles Miles, a pipecoverer and machinist, was exposed to airborne asbestos dust and fibers throughout the course of his employment with Newport News from 1952 until 1991. On March 4, 1992, Miles was diagnosed with work-related asbestosis. Miles then filed a claim for permanent partial disability under the provisions of the LHWCA. The parties stipulated that Miles suffered a forty-five percent impairment and was entitled to compensation. In a proceeding before the ALJ, Newport News sought relief pursuant to § 908(f) for pre-existing disability.

For an employer to obtain a limitation of its compensation liability under § 908(f) in the case of a permanent partial disability, the employer must affirmatively establish (1) that the employee had an existing permanent partial disability before the occurrence of the

_____

*The Board never addressed the merits of the appeal. The ALJ's decision was affirmed by operation of law. See Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, § 101(d), 110 Stat. 1321-29 (1996).

2

work-related injury, (2) that the pre-existing permanent partial disability was manifest to the employer prior to the subsequent work-related injury, and (3) that the ultimate permanent partial disability materially and substantially exceeds the disability that would have resulted in the absence of the pre-existing disability. See Director, OWCP v. Newport News Shipbuilding & Dry Dock Co. (Harcum), 8 F.3d 175, 182-83 (4th Cir. 1993), aff'd, 514 U.S. 122 (1995).

The Board summarily affirmed the ALJ's decision denying Newport News' request for § 908(f) relief because while Newport News had established a pre-existing permanent partial disability and manifestation, it had not established contribution. Specifically, the ALJ concluded that Newport News' physician's (Dr. Hall) medical opinion that twenty-five percent of the impairment results from heart disease and that twenty percent of the impairment is due to asbestosis was mere speculation and conjecture and was therefore insufficient under Harcum. The ALJ discredited Hall's opinion because Hall did not explain how he quantified the level of impairment resulting from the asbestosis alone.

We review the Board's decision for errors of law and to determine whether the Board observed its statutorily-mandated standard for reviewing the ALJ's factual findings. See Newport News Shipbuilding & Dry Dock Co. v. Director, OWCP (Hess), 681 F.2d 938, 941 (4th Cir. 1982). In turn, the Board's review of the ALJ's factual findings is limited by the requirement that "[t]he findings of fact in the decision under review by the Board shall be conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. § 921(b)(3) (1994). Because the ALJ's decision was affirmed by default, there is no Board decision for the court to review; the ALJ's findings of fact must therefore be upheld if supported by substantial evidence.

We conclude that substantial evidence in the record as a whole supports the ALJ's factual findings. The record establishes that in 1982, Miles was diagnosed with coronary atherosclerosis and then angina pectoris and that thereafter Miles was hospitalized several times with diagnoses of acute bronchitis, abnormal liver, anemia, hypercholesterolemia, with the major diagnosis as coronary artery disease. Further, the record indicates that in late 1991, a chest X-ray was

3

abnormal. The record also establishes that Miles has asbestosis. The record includes two reports prepared by Dr. Hall. Hall concluded that Miles had pre-existing heart disease which contributed to and worsened Miles' asbestosis. Hall opined,

> Mr. Miles' pulmonary examination of March 4, 1992, established a class 3 permanent impairment of 25-45 percent. The Employer agreed with Claimant that his extent of disability is presently 45 percent. However, the AMA rating and his disability are not caused by his asbestosis alone. Mr. Miles' lung impairment, AMA rating and disability are materially contributed to and made materially and substantially worse by his pre-existing heart disease. At least 25 percent of Mr. Miles' present disability is cause by this per [sic]-existing heart disease.

This evidence was uncontradicted by the Director.

We conclude that, based on the substantial evidence in the record as a whole, the ALJ did not err in concluding that Newport News did not establish that Miles' ultimate permanent partial disability is materially and substantially greater than the extent of impairment that would result from asbestosis alone. See Harcum, 8 F.3d at 185-86. The ALJ found that Hall's unsupported medical opinion testimony was not sufficient to constitute "substantial evidence." See Hobbs v. Clinchfield Coal Co., 45 F.3d 819, 822 (4th Cir. 1995); Shrader v. Califano, 608 F.2d 114, 118 & n.4 (4th Cir. 1979); see also Smith v. Director, OWCP, 843 F.2d 1053, 1057 (7th Cir. 1988) (stating that medical witness' credibility is question for trier of fact who can weigh evidence and draw inferences). Thus, because we find that the ALJ's findings were supported by substantial evidence in the record as a whole and that the ALJ did not err, we affirm the Board's summary order affirming the ALJ's decision by default. See Hess, 681 F.2d at 941.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4